UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SHAUN J. MATZ,**

        **Plaintiff,**

v.                                 Case No. 05-C-1093

**MATTHEW J. FRANK, WARDEN PHIL KINGSTON,
MARC CLEMENTS, STEVEN SCHUELER,
GARY ANKARLO, DR. KEVIN KALLAS,
RALPH FROELICH, BELINDA SCHRUBBE,
GEORGE KAEMMERER, JENNIFER SPOTTS,
SGT. MALLAS, M. RAINKE, and JOHN DOES,**

        **Defendants**.

---

# DECISION AND ORDER

---

Plaintiff Shaun J. Matz, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On February 22, 2006, the court granted his motion for leave to proceed *in forma pauperis* on claims that the defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. The plaintiff is proceeding on, 1) an Eighth Amendment claim based on the conditions of confinement in Waupun Correctional Institution's (WCI) Health Segregation Complex (HSC); 2) a deliberate indifference to mental health claim based on the defendants placing him in the HSC and keeping him there; and 3) a due process claim based on allegations that he was strapped down in steel handcuffs for twelve hours. The defendants have filed a motion for summary judgment and the plaintiff has filed a motion for default judgment. Both of these motions will be addressed herein.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Anderson*, 477 U.S. at 267; *see also Celotex Corp.*, 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e) ("When a summary judgment motion is made and supported as provided in [Rule 56(c)], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial"). "Rule 56(c) mandates the entry of summary

2

judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Johnson v. Pelker*, 891 F.2d 136, 138 (7th Cir. 1989). "However, we are not required to draw every conceivable inference from the record – only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991) (citation omitted).

## FACTS

### A. DEFENDANTS' PROPOSED FACTS

The plaintiff commenced this lawsuit asserting a cause of action pursuant to 42 U.S.C. § 1983 seeking declaratory judgment, compensatory and punitive damages, and injunctive relief. At all times relevant to this action, the plaintiff was an adult inmate incarcerated within the Wisconsin State Prison System at WCI. John Ray is an adult resident of the State of Wisconsin and employed by the Wisconsin Department of Corrections (DOC) as a corrections complaint examiner whose duties and responsibilities are defined in chapter DOC 310 of the Wisconsin Administrative Code. In order to exhaust administrative remedies an inmate must follow the procedures outlined in DOC § 310.05. That is, he must file a complaint, receive a decision on the complaint, have an adverse decision reviewed, and be advised of the secretary's decision.

3

### 1. Conditions of Confinement Claim

Ray has examined the regularly conducted business records of his office and has ascertained that the plaintiff filed four offender complaints that alleged that the conditions in the HSC at WCI caused isolation and sensory deprivation. These complaints are identified as Offender Complaint Numbers WCI-2005-24961, WCI-2005-24962, WCI-2005-28657, and WCI-2005-28658. None of these four complaints were filed within fourteen calendar days of the events giving rise to the complaints, as required by Wis. Admin. Code § DOC 310.09. and all were rejected as untimely. According to the ICE Rejection for Offender Complaint WCI-2005-28657, the plaintiff was transferred into the HSC on February 14, 2005, but did not complain about the isolative conditions until September - eight months later.

The plaintiff filed one other complaint that asserted the conditions in HSC exacerbated his mental illness, Offender Complaint WCI-2005-23786. Although the plaintiff exhausted his administrative remedies with respect to this complaint, the complaint did not attribute the exacerbation of his mental illnesses to isolation or sensory deprivation.

The plaintiff filed Offender Complaint WCI-2005-24962 regarding the lack of natural sunlight in his HSC cell. It alleged that the "fogged" windows in HSC cells did not allow in any sunlight, causing almost total isolation. This complaint was not filed within fourteen days of his transfer into HSC, and was rejected as untimely.

The plaintiff filed Offender Complaint WCI-2005-28658 regarding the 24-hour lighting in HSC. As with his complaints regarding the isolation conditions in HSC, the plaintiff did

4

not file this complaint within fourteen days of being transferred to HSC, and it was rejected as untimely.

The plaintiff filed two complaints regarding recreation in HSC, Offender Complaints WCI-2005-12692 and WCI-2005-24961. The first, WCI-2005-12692, complained that he should be allowed to attend both "daily legal rec." and recreation. The plaintiff did not appeal this decision to the corrections complaint examiner, as required by Wis. Admin. Code § DOC 310.13. The second complaint, WCI-2005-24961, alleged that the recreation area in HSC was the equivalent of a "dog kennel," further contributing to sensory deprivation. The plaintiff failed to file this complaint within fourteen days of his transfer to HSC, and it was rejected as untimely.

The plaintiff did not file any complaints with respect to his claim that he was only allowed to visit with family members by video.

### 2. Use of Restraints Claim

The plaintiff filed Offender Complaint WCI-2005-25815, regarding his claim that he was restrained in steel handcuffs for twelve hours causing him severe wrist pain. However, he failed to file an appeal of its decision with the corrections complaint examiner, in violation of Wis. Admin. Code § DOC 310.13.

### 3. Deliberate Indifference to Mental Health Claim

The plaintiff has exhausted his administrative remedies with respect to both claims he makes regarding deliberate indifference to his mental health needs, Offender Complaint WCI-2005-23786.

5

## B. PLAINTIFF'S PROPOSED FACTS

### 1. Conditions of Confinement Claim

The plaintiff filed four offender complaints in regard to the conditions of confinement within the HSC at WCI asserting that the conditions caused isolation, sensory deprivation, inability to focus, eye strain, blurred vision, headaches, irritability, disorientation, loss of time and date perception, self harm, severe depression, and anxiety. In Complaint WCI-2005-24962, the plaintiff addressed the issue of fogged windows in the cells of HSC as well as the conditions of HSC given as a whole made his many mental illnesses worsen. The plaintiff also raised these issues in other offender complaints.

The plaintiff filed four offender complaints altogether, raising the issues of conditions of confinement: WCI-2005-24962, WCI-2005-24961, WCI-2005-28658, WCI-2005-28657. The plaintiff fully exhausted his administrative remedies on the claims of conditions of confinement on the four offender complaints. All complaints were filed within the fourteen calendar day time limit giving rise to the complaints, as required by Wis. Admin. Code § DOC 310.09.

The plaintiff was transferred into HSC on February 14, 2005, but the fourteen day time limit for filing a complaint giving rise to the issues raised did not begin to run on February 14, 2005. The conditions complained of had not changed, and the plaintiff was still being subjected to said conditions on a daily basis. Therefore, considering said conditions are on-going, the fourteen day time limit had not expired because the issues being raised happened on a daily basis.

6

The plaintiff filed one other complaint that asserted the conditions in HSC exacerbated his mental illnesses, Complaint WCI-2005-23786. The plaintiff also fully exhausted his administrative remedies on the conditions of confinement with this complaint because the plaintiff raised the conditions as a whole.

### 2. Use of Restraints Claim

The plaintiff fully exhausted his administrative remedies on this claim by filing Offender Complaint WCI-2005-17043 on June 1, 2005, which was dismissed at the time. The plaintiff filed an appeal to the corrections complaint examiner on June 29, 2005.

### 3. Deliberate Indifference to Mental Health Claim

The plaintiff fully exhausted his administrative remedies with respect to all claims he makes regarding deliberate indifference to his mental health and safety and needs.

## ANALYSIS

The defendants contend that the plaintiff did not exhaust administrative remedies on all claims before filing suit, as required by the Prison Litigation Reform Act. Specifically, the defendants argue that the plaintiff failed to exhaust administrative remedies with respect to his claims challenging the conditions of confinement in the HSC because, 1) he did not exhaust his claims that the conditions in the HSC cause almost total isolation and social and sensory deprivation; 2) he did not exhaust his claim that HSC cells allow no natural sunlight; 3) he did not exhaust his claim that the lighting in the HSC remains on 24 hours per day; 4) he did not exhaust his claim that prisoners in the HSC receive no outdoor recreation; and 5) he has filed no complaints whatsoever regarding his claim that he was only allowed to visit with family

7

members by video. The defendants also contend that the plaintiff has failed to exhaust his administrative remedies on his claim that the defendants violated his Eighth Amendment rights by strapping him down in steel handcuffs.

The defendants assert that the plaintiff has exhausted his administrative remedies with respect to his deliberate indifference to mental health claim. However, they contend that because the plaintiff has combined claims upon which he has exhausted administrative remedies with claims upon which he has not exhausted administrative remedies, all claims must be dismissed under the "total exhaustion rule."[1]

The plaintiff contends the defendants' motion for summary judgment must be denied because: 1) he has shown that there is a genuine issue of material fact in this case; 2) he has fully exhausted administrative remedies available to him on all claims raised in his complaint; 3) since the complaint is verified under the penalty of perjury, it must be used to dispute the defendants' motion for summary judgment; 4) he has provided two affidavits that dispute everything raised in the defendants' summary judgment motion; and 5) since the conditions complained of were ongoing, the fourteen day time limit had not expired, so he did exhaust all remedies available to him.

The Prison Litigation Reform Act of 1995 (PLRA), Pub.L. 104-134, 110 Stat. 1321 (1996), provides in pertinent part that

---

[1] The issue of how courts should address complaints in which the prisoner has failed to exhaust some, but not all, of the claims asserted in the complaint, was recently decided. *See Jones v. Bock*, 127 S. Ct. 910 (2007). The Court rejected the "total exhaustion rule" and held that the Prison Litigation Reform Act does not require dismissal of the entire complaint when some claims have been exhausted and others have not. *Id.* at 926.

8

Case 2:05-cv-01093-RTR   Filed 03/08/07   Page 8 of 14   Document 52

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 126 S.Ct. 2378, 2384, 2387 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the DOC has promulgated by rule. Wis. Admin. Code § DOC 310.05. The ICRS is available for inmates to "raise significant

9

issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the inmate complaint examiner within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than fourteen days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the inmate complaint examiner either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the corrections complaint examiner. Wis. Admin. Code § DOC 310.13(1). The corrections complaint examiner reviews the appeal and makes a recommendation to the Secretary of the DOC. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the corrections complaint examiner's recommendation, or return the appeal to the corrections complaint examiner for further investigation. Wis. Admin. Code § DOC 310.14(2).

1. **Conditions of Confinement Claim**

It is undisputed that the plaintiff fully exhausted Offender Complaint WCI-2005-23786, in which he alleged that the conditions in the HSC exacerbated his mental illness. The

10

defendants contend that this offender complaint did not attribute the exacerbation of his mental illness to isolation or sensory deprivation and therefore, does not sufficiently exhaust this claim. According to the plaintiff, this offender complaint raised the conditions of confinement in the HSC as a whole and therefore it suffices to exhaust administrative remedies as to the plaintiff's conditions of confinement claim.

A purpose of the exhaustion requirement is to allow prison officials time and opportunity to respond to complaints internally before an inmate initiates litigation. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); see *Smith v. Zachary*, 255 F.3d 446, 450-51 (7th Cir. 2001). To provide officials with sufficient notice, inmates must file grievances at the place and time and with the information required by the prison's administrative rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). Where the administrative rules are silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650; *see Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

The PLRA does not require that a defendant be named in an inmate's administrative grievance. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007). Prison grievance procedures, not the PLRA, determine the level of specificity required in an inmate's administrative grievance:

> Compliance with the prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Id.* Drawing on principles of notice pleading, the Court of Appeals for the Seventh Circuit has held that, absent more stringent administrative requirements, an inmate need not state "facts,

11

legal theories, or demand relief," so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650; *see Riccardo*, 375 F.3d at 524.

With respect to the level of detail in an offender complaint, the DOC administrative rules require that offender complaints "[c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e). Thus, the standard is whether the offender complaint would put an official on notice of the plaintiff's claim. The court cannot review Offender Complaint WCI-2005-23786 to determine if it meets that standard since the defendants have not provided the court with the actual offender complaint. However, according to both parties, Offender Complaint WCI-2005-23786 alleged that the conditions in the HSC exacerbated the plaintiff's mental illness. The court finds that an offender complaint complaining about conditions of confinement would sufficiently put the defendants on notice of a conditions of confinement claim. Thus, the court will not dismiss this claim for failure to exhaust.

### 2. Use of Restraints Claim

It is undisputed that the plaintiff filed Offender Complaint WCI-2005-25815 regarding this claim. However, he failed to appeal this offender complaint to the corrections complaint examiner and therefore did not complete the exhausted process.

The plaintiff does not dispute that he failed to file an appeal to the corrections complaint examiner in Offender Complaint WCI-2005-25815. However, he asserts that he did fully exhaust Offender Complaint WCI-2005-17043. (*See* Compl., Ex. K.) That offender complaint was filed in June 2005 and complains about being placed in restraints. However,

the use of restraints claim upon which the plaintiff is proceeding in this case is based on an incident which allegedly occurred in August 2005. Thus, Offender Complaint WCI-2005-17043 cannot be used to show that the plaintiff exhausted this claim.

The undisputed facts reveal that the plaintiff failed to exhaust administrative remedies as to his use of restraints claim. Therefore, this claim will be dismissed

### 3. Summary

The defendants' motion for summary judgment will be granted in part and denied in part. Their motion is granted as to the plaintiff's use of restraints claim. The motion is denied as to the plaintiff's conditions of confinement claim. The plaintiff's conditions of confinement and deliberate indifference to mental health claims remain.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The plaintiff has filed a motion for default judgment because the defendants failed to file an answer as required by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 55 provides in relevant part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or other wise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the default.

Fed. R. Civ. P. 55(a). The party against whom judgment is sought must have been properly served with process. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 1998). A defendant shall serve an answer "within 20 days after being served with the summons and complaint" or "if service of the summons has been timely

waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent[.]" Fed. R. Civ. P. 12(a).

Instead of filing an answer, the defendants filed a motion for summary judgment for failure to exhaust administrative remedies. Exhaustion of administrative remedies is an affirmative defense. Although Federal Rule of Civil Procedure 12(b) only expressly permits the pleader to raise seven enumerated defenses in a pre-answer motion, "in practice numerous other preliminary motions are presented to and determined by the federal courts as a matter of course[.]" Wright and Miller, *Federal Practice and Procedure*, § 1360 (2006). Among these are motions to dismiss and motions for summary judgment for failure to exhaust administrative remedies. *See id.* Based on the foregoing, the plaintiff's motion for default judgment will be denied.

## **ORDER**

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (Docket #25) is **GRANTED IN PART AND DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment (Docket #45) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2007.

> **BY THE COURT:**
>
> **s/ Rudolph T. Randa**
> **HON. RUDOLPH T. RANDA**
> **Chief Judge**