# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHAUN J. MATZ,

      **Plaintiff,**

      -vs-                                      Case No.   05-C-1093

MATTHEW J. FRANK, PHIL KINGSTON,
MARC CLEMENTS, STEVEN SCHUELER,
GARY ANKARLO, DR. KEVIN KALLAS,
BELINDA SCHRUBBE, GEORGE KAEMMERER,
JENNIFER SPOTTS, SGT. MALLAS,
M. RAINKE and JOHN DOES,

      **Defendants.**[1]

# DECISION AND ORDER

Plaintiff, Shaun J. Matz, filed this *pro se* civil rights complaint and is proceeding *in forma pauperis* on Eighth Amendment conditions of confinement and medical care claims. This matter comes before the court on the following applications: (1) the plaintiff's motion to appoint counsel; (2) the defendants' motion to stay; (3) the plaintiff's motion to strike; and (4) the defendants' motion for a protective order.

**1.**      **Plaintiff's Motion to Appoint Counsel**

On March 19, 2007, the plaintiff filed a motion for appointment of counsel. As grounds for his request, the plaintiff states: (1) he is unable to afford counsel; (2) he is

---

[1] Defendant M. Rainke has been identified as Mark Reinke.

mentally ill; (3) he has no formal legal training; (4) he is unable to conduct a trial; (5) he is unable to file a motion for temporary restraining order; and (6) he relies on other inmates for assistance in prosecuting this action. (Pl.'s Mot. to Appoint at 1-2; Pl.'s Mar. 22, 2007, Affidavit ¶¶ 1-4). A review of the docket in this case reveals that this is the plaintiff's second motion for appointment of counsel. As explained in the March 22, 2006, order, indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). And while the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id*. at 1073. If the plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id*.

In this case, the plaintiff has satisfied the threshold inquiry and provided evidence that he has attempted to obtain legal counsel on his own. Specifically, he has submitted correspondence from several law firms that have declined to represent him in this matter. The court's inquiry, however, does not end here. Once the plaintiff has shown that he has made reasonable efforts to secure counsel, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

2

The issues in this case appear at this stage to be straightforward and uncomplicated. The plaintiff is proceeding on two narrow claims. And, contrary to plaintiff's assertions, it is not clear at this point that this case will go to trial. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel will be denied.

**2.      Defendants' Motion to Stay and Plaintiff's Motion to Strike**

On March 30, 2007, the defendants filed a motion to stay this action because defendant Mark Reinke is currently on active military duty in Iraq. While the Servicemember's Civil Service Relief Act provides for the temporary suspension of judicial proceedings that may adversely affect the civil rights of servicemembers during their military service, 50 U.S.C. Appx. § 502, the plaintiff moved to strike defendant Reinke from this action on April 4, 2007. Inasmuch as the plaintiff has indicated that he no longer wishes to pursue his claims against defendant Reinke, the court construes the plaintiff's request as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), which provides that a request for dismissal after an answer or summary judgment motion may be obtained only "upon order of the court and upon such terms and conditions as the court deems proper."

3

In the present case, the defendants have expended considerable time and effort in defending this action. Specifically, this case has been pending for more than eighteen months. Moreover, the defendants have engaged in extensive motion practice. In light of the foregoing, the court finds that, as to defendant Reinke, it is proper to dismiss this case with prejudice. Therefore, the plaintiff's motion to dismiss will be granted upon this term. Accordingly, the defendants' motion to stay the proceedings will be denied as moot.

**3.  Defendants' Motion for Protective Order**

On March 30, 2007, the defendants filed a motion for a protective order pursuant to the Servicemeber's Civil Relief Act, 50 U.S.C. App. § 521. Specifically, they seek to stay discovery until a decision is issued as to their March 30, 2007, motion to stay. As discussed above, the defendants' motion to stay has been denied. Thus, the defendants' motion for protective order will be denied as moot.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Doc. # 54) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (Doc. # 62) is **granted.**

**IT IS ORDERED** that the defendants' motion to stay (Doc. # 57) is **denied as moot.**

**IT IS ORDERED** that the defendants' motion for protective order (Doc. # 59) is **denied as moot.**

4

**IT IS ORDERED** that defendant Mark Reinke is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**